GARRISON, Judge.
This is an appeal by a lessee of commercial property seeking a permanent injunction to enforce a building restriction against defendant’s adjoining property. Lake Forest, Inc., Pat’i-Four and Ground Pat’i, Inc. sought a permanent injunction to prevent the defendants from building a small shopping center which extended to the front property line along Read Road. The trial judge denied the injunction and plaintiffs have appealed.
Lake Forest, Inc. was the developer of the entire tract of land in question. Pat’i-Four owns the property adjacent to the defendants’ property and leased the building on that property to Ground Pat’i, Inc. The property owned by defendant was originally owned by Lake Forest, Inc. When defendants purchased the property, there was a building restriction in the chain of title which required that no building or structure could be erected on the property without prior approval of Lake Forest, Inc., regarding workmanship and materials, harmony of external location respecting streets and adjoining structures, and location respecting topography and finished grade elevation.
Shortly after defendants purchased the land, they began to construct a small shopping center, which, as previously noted, was set right along the front property line. Defendants were subsequently requested to show their building plans to an officer of Lake Forest, and they did so. At first, Lake Forest’s representative made no comment regarding their plans; subsequently, however, Lake Forest notified them that it formally disapproved of their plans, and required them to set the shopping center further back from the road. Defendants, already in the midst of construction, refused to do so, and Lake Forest and the other plaintiffs filed suit for injunctive relief. Plaintiffs appeal the district court’s refusal to enforce the building restriction.
The issue involved here has already been resolved in this court’s previous opinion in Lake Forest Inc. v. Drury, 352 So.2d 305 (La.App. 4th Cir. 1977). The only difference is that the earlier case involved plaintiffs’ rule for a preliminary injunction. We held that the building restriction (which was, of course, the same one involved in this case) was too vague and ambiguous to be enforceable. The Supreme Court denied writs. We reassert the principles enunciated in the earlier case:
“The vague wording of the restriction in question cannot be squared with Louisiana’s policy of favoring the free and unrestrained use of immovable property or with the requirement that building restrictions should be known to each purchaser in order to form a part of his contract with the subdivider. Here, the wording of the restriction is so vague and ambiguous it constitutes a reservation in favor of Lake Forest, Inc., to dictate to any future purchaser of the property precisely what he can build thereon on penalty of not being able to build at all. . Under the present wording, the effective development of the land subject to the restrictions could be postponed indefinitely while a potential builder continued time after time to submit new and different plans and specifications for the approval of the developer. Without some guidelines stated in the restriction, a po *1073 tential builder has no way of ascertaining what, if anything, the developer would approve or disapprove. Such a restriction is indeed too burdensome and inhibits the free use and development of immovable property.” 352 So.2d at 307.
For the reasons assigned, the judgment of the district court denying the permanent injunction is affirmed. .

AFFIRMED.